UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEROY L. SIMIEN**                                                  **CIVIL ACTION**

**VERSUS**                                                           **NO. 06-2295**

**WASHINGTON, LA. POLICE DEPT., ET AL.**                             **SECTION "K"(5)**

REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A, and as applicable, Title 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.    Factual Summary

The plaintiff, Leroy L. Simien, is currently housed in the Concordia Parish Correctional Facility in Ferriday, Louisiana. The plaintiff submitted this *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to Title 42 U.S.C. § 1983 against the St. Landry Parish Sheriff's Department, the Washington Police Department, Warden Calvin Moore, St. Landry Parish deputies,

---

[1] The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. However, the application for pauper status is deferred to the Western District of Louisiana for determination and collection pursuant to Title 28 U.S.C. § 1915.

and St. Landry Parish EMS. Plaintiff alleges that he was attacked by a group of individuals in Washington, Louisiana, and then arrested and placed in custody of the Washington Police Department. He complains that defendants mistreated him and failed to provide him medical care for his injuries after he was detained.

II.     The General Venue Statute

Title 42 U.S.C. § 1983 does not contain a specific venue provision. Venue, however, is determined under Title 28 U.S.C. § 1391, also known as the General Venue Statute. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The General Venue Statute at § 1391(b) provides that a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in a judicial district where (1) any defendant resides, if all defendants reside in the same State, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) any defendant may be found, if there is no district in which the action may otherwise be brought.

Pursuant to Title 28 U.S.C. § 1406(a) and § 1404(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Having reviewed the record, the Court finds that venue in the Eastern District of Louisiana is improper.

III.    Proper Venue

Mr. Simien alleges a cause of action arising from events occurring in Washington, Louisiana, St. Landry Parish, which is located within the territory of the United States District Court for the Western District of Louisiana. Title 28 U.S.C. § 98(c). All of the named defendants may be found in St. Landry Parish, Louisiana. No defendant is alleged to reside in or to be found in this district.

All of the events that form the factual basis of plaintiff's causes of action occurred within St. Landry Parish in the Western District of Louisiana. Mr. Simien does not allege any legal or factual basis to maintain venue in the Eastern District of Louisiana.

Therefore, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.[2]

IV.     Recommendation

It is therefore RECOMMENDED that the captioned matter be TRANSFERRED to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 10th day of May, 2006.

_____
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The recommendation of transfer is not an indication that the claims presented have merit.